UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE MAX ROMAN,<br><br>    Petitioner,<br><br>    v.<br><br>WARDEN PLUMLEY,<br><br>    Respondent. | Case No. CV 18-4766 PA(JC)<br><br>ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED |

On May 30, 2018, petitioner Jesse Max Roman formally filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody ("Petition"), pursuant to Title 28, United States Code, section 2241. The Petition purports to concern "prison discipline" at FCC Lompoc – where petitioner was formally housed – and claims (1) petitioner's First Amendment right to petition the government for redress of grievances was violated by (a) Counselor Franco's issuance of an incident report which was generated based upon petitioner's complaint of employee misconduct (Ground One); (b) Western Regional office Regional Director Mary Mitchell's denial of petitioner's appeal of the incident report (Ground Four); and (c) National Inmate Appeals Administrator Ian Connors' denial of petitioner's appeal of the incident report (Ground Five); (2) petitioner's administrative right to seek formal review of an issue under

1

Federal Bureau of Prisons ("BOP") Program Statement 1330.18 was violated by Counselor Franco's issuance of the above-referenced incident report (Ground Two); and (3) petitioner's administrative right to be free from retaliation for reporting violations under BOP Program Statement 3420.11 was violated by Counselor Franco's issuance of the above-referenced incident report (Ground Three). (Petition at 3-4a).[1]

Based upon the Petition, and for the reasons discussed below, the Court orders petitioner to show cause why the Petition should not be dismissed without prejudice because petitioner's claims – at least as currently framed – are not cognizable on federal habeas review and the Court is without habeas jurisdiction to consider them.

"According to a traditional interpretation, the writ of habeas corpus is limited to attacks upon the legality or duration of confinement." Crawford v. Bell, 599 F.2d 890, 891 (9th Cir. 1979) (citing Preiser v. Rodriguez, 411 U.S. 475, 484-86 (1973)); see also Hill v. McDonough, 547 U.S. 573, 579 (2006) (federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, and a civil rights complaint; challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus whereas an inmate's challenge to the circumstances of his confinement, may be brought as a civil rights action) (quoting Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam)).

"[W]hen a prisoner's claim would not 'necessarily spell speedier release,' that claim does not lie at 'the core of habeas corpus,' and may be brought, if at all, [as a civil rights action]." Skinner v. Switzer, 562 U.S. 521, 535 n.13 (2011) (quoting Wilkinson v. Dotson, 544 U.S. 74, 82, 85-86 (2005)); see also Nettles v. Grounds, 830 F.3d 922, 927-31 (9th Cir. 2016) (en banc) (holding that claims

---

[1]The Court refers to the unnumbered page between pages 4 and 5 of the Petition as page 4a.

| | |
|---|---|
| 1 | which would result in immediate release if successful fall within core of habeas |
| 2 | corpus, whereas claims which would not necessarily affect the length of time to be |
| 3 | served if successful fall outside core of habeas corpus and must be brought, if at |
| 4 | all as civil rights action; citing Skinner), cert. denied, 137 S. Ct. 645 (2017); |
| 5 | Ramirez v. Galaza, 334 F.3d 850, 855, 859 (9th Cir. 2003) ("[H]abeas jurisdiction |
| 6 | is absent . . . where a successful challenge to a prison condition will not |
| 7 | necessarily shorten the prisoner's sentence."), cert. denied, 541 U.S. 1063 (2004). |
| 8 |      Here, petitioner does not allege that he is in custody in violation of the |
| 9 | Constitution or laws or treaties of the United States to confer habeas jurisdiction |
| 10 | under 28 U.S.C. section 2241(c)(3). Nor do any of his claims challenge the |
| 11 | legality or duration of his confinement. Petitioner does not, for example, claim |
| 12 | that disciplinary action relating to the incident report in issue resulted in the loss |
| 13 | of any good time credits. Rather, petitioner's claims are attacks upon his |
| 14 | "conditions of confinement" – *i.e.,* the issuance and denial of an appeal regarding |
| 15 | an allegedly retaliatory incident report which was generated in response to |
| 16 | petitioner's submission of a prison grievance and which assertedly violated his |
| 17 | First Amendment right to petition for redress of grievances and BOP Program |
| 18 | Statements. Since petitioner raises no claim going to the legality or duration of his |
| 19 | confinement, and since granting him the relief he seeks would not shorten his |
| 20 | sentence, habeas corpus is unavailable. Crawford, 599 F.2d at 891-92. |
| 21 | /// |
| 22 | /// |
| 23 | /// |
| 24 | /// |
| 25 | /// |
| 26 | /// |
| 27 | /// |
| 28 | /// |

For the reasons discussed above, based upon the Petition as currently submitted, petitioner's claims are not cognizable on federal habeas review and the Court is without habeas jurisdiction to consider them. Petitioner is therefore ORDERED TO SHOW CAUSE by not later than **June 25, 2018** why this action should not be dismissed without prejudice.[2]

Instead of filing a response to the instant Order to Show Cause, petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). If he elects to proceed in that manner, he may sign and return the attached Notice of Dismissal.

///
///
///
///
///
///
///

---

[2]Although a district court, after notifying and obtaining informed consent from a prisoner, may construe a habeas petition to plead a civil rights claim if the petition is amenable to conversion on its face, see Nettles, 830 F.3d at 935-36, the Court would not be inclined to do so, or to recommend that the District Judge do so here. Prisoner civil rights actions are subject to different requirements than federal habeas proceedings. The filing fee for civil rights actions is $350 rather than the $5 habeas filing fee. 28 U.S.C. § 1914(a). Further, should petitioner seek to bring a civil rights action in forma pauperis ("IFP") he must file the appropriate documentation to qualify for IFP status and would be financially responsible for paying the full $350 filing fee from his prison trust account and providing written authorization to disburse such funds. 28 U.S.C. § 1915(b)(1). It is not in the interest of judicial economy to convert the Petition into a federal civil rights complaint because the case would, at a minimum, require additional court resources to deal with the problems created by the different filing fees, the likely different respondent/defendants, the absence of information called for by the civil rights complaint form utilized in this district, and the potential service issues relative to individuals whose conduct is alleged to have deprived petitioner of his constitutional rights. Accordingly, the Court would not be inclined to convert or to recommend that the District Judge convert the instant action into a federal civil rights action.

**Petitioner is cautioned that the failure timely to respond to this Order to Show Cause and/or to show good cause may result in the dismissal of this action for the reasons explained above and/or based upon petitioner's failure to comply with the Court's order, and/or petitioner's failure to prosecute.**

IT IS SO ORDERED.[3]

DATED: June 5, 2018

/s/
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE

---

[3]The Court's determinations and order herein constitute non-dispositive rulings on pretrial matters. To the extent a party disagrees with such non-dispositive rulings, such party may file a motion for review by the assigned District Judge within fourteen (14) days. See Local Rule 72-2.1. To the extent a party believes the rulings to be dispositive, rather than non-dispositive, such party has the right to object to this Court's determination that the rulings are non-dispositive within fourteen (14) days. A party will be foreclosed from challenging the rulings herein if such party does not seek review thereof, or object thereto.